**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRITTANY MCHENRY,<br><br>          Plaintiff,<br><br>   v.<br><br>FOX NEWS NETWORK, LLC, FOX<br>ENTERTAINMENT GROUP, NEWS<br>CORPORATION, FOX CORPORATION,<br>GEORGE MURDOCH (A/K/A "TYRUS"),<br>JENNIFER RAUCHET, JOHN FINLEY,<br>and MONICA MEKEEL,<br><br>          Defendants. | **Case No. 1:19-cv-11294-PAE-DCF** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
FOX CORPORATION, JENNIFER RAUCHET, JOHN FINLEY, AND MONICA
MEKEEL'S MOTION TO DISMISS THE COMPLAINT**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................... 1

SUMMARY OF RELEVANT ALLEGATIONS ........................................ 2

PROCEDURAL HISTORY ........................................................................... 3

LEGAL STANDARD ................................................................................... 4

ARGUMENT ................................................................................................ 4

    I.     THE COMPLAINT DOES NOT PLEAD THAT FOX CORP.
           EMPLOYED PLAINTIFF ................................................................. 4

          A.    Plaintiff Has Not Pled an Employment or Contractual Relationship
                with Fox Corp. .......................................................................... 5

          B.    The Complaint Does Not Contain Factual Allegations Supporting
                Any Other Cognizable Claim against Fox Corp. ........................ 6

          C.    The Complaint Does Not Allege a Single or Joint Employer
                Relationship Between Fox News Network and Fox Corp. ............ 7

    II.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST FINLEY,
           RAUCHET, OR MEKEEL ............................................................. 10

          A.    Finley ...................................................................................... 12

          B.    Mekeel ..................................................................................... 13

          C.    Rauchet .................................................................................... 14

CONCLUSION ............................................................................................ 16

# <u>TABLE OF AUTHORITIES</u>

**Page**

CASES

*Am. Sales Co. v. AstraZeneca AB*,
No. 10-cv-6062, 2011 WL 1465786 (S.D.N.Y. Apr. 14, 2011) .................................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................................................4

*Atuahene v. City of Hartford*,
10 F. App'x 33 (2d Cir. 2001) ...................................................................................................5

*Barbosa v. Continuum Health Partners, Inc.*,
716 F. Supp. 2d 210 (S.D.N.Y. 2010).......................................................................................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...................................................................................................................4

*Conde v. Sisley Cosmetics USA, Inc.*,
No. 11-cv-4010, 2012 WL 1883508 (S.D.N.Y. May 23, 2012) ..........................................8, 9

*Cox v. Onondaga Cty. Sheriff's Dep't*,
760 F.3d 139 (2d Cir. 2014).....................................................................................................13

*Croci v. Town of Haverstraw*,
146 A.D.3d 748, 44 N.Y.S.3d 546 (N.Y. App. Div. 2017) .......................................................7

*Davis-Bell v. Columbia Univ.*,
851 F. Supp. 2d 650 (S.D.N.Y. 2012).....................................................................................14

*Erasmus v. Deutsche Bank Americas Holding Corp.*,
No. 15-cv-1398, 2015 WL 7736554 (S.D.N.Y. Nov. 30, 2015)...................................1, 10, 11

*Farzan v. Wells Fargo Bank*,
No. 12-cv-1217, 2013 WL 474346 (S.D.N.Y. Jan. 25, 2013), *adopted sub*
*nom.*, 2013 WL 2641643 (S.D.N.Y. June 11, 2013).................................................................13

*Fried v. LVI Servs., Inc.*,
No. 10-cv-9308, 2011 WL 2119748 (S.D.N.Y. May 23, 2011) ................................6, 8, 9, 10

*George v. Prof'l Disposables Int'l, Inc.*,
  221 F. Supp. 3d 428 (S.D.N.Y. 2016)....................................................................................4

*Goodman v. Port Auth. of New York & New Jersey*,
  850 F. Supp. 2d 363 (S.D.N.Y. 2012)....................................................................................9

*Jones v. Nat'l Commc'n & Surveillance Networks*,
  409 F. Supp. 2d 456 (S.D.N.Y. 2006), *aff'd sub nom.*, 266 F. App'x 31 (2d
  Cir. 2008) ............................................................................................................................16

*Lima v. Addeco*,
  634 F. Supp. 2d 394 (S.D.N.Y. 2009), *aff'd sub nom.*, *Lima v. Adecco &/or
  Platform Learning, Inc.,* 375 F. App'x 54 (2d Cir. 2010) .....................................................8

*Medina v. Bauer*,
  No. 02-cv-8837, 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004) ...............................................6

*Perry v. NYSARC, Inc.*,
  424 F. App'x 23 (2d Cir. 2011) ...........................................................................................16

*Robles v. Goddard Riverside Cmty. Ctr.*,
  No. 08-cv-4856, 2009 WL 1704627 (S.D.N.Y. June 17, 2009) .......................................6, 11

*Rojas v. Roman Catholic Diocese of Rochester*,
  660 F.3d 98 (2d Cir. 2011)....................................................................................................15

*Ruhling v. Tribune Co.*,
  No. 04-cv-2430, 2007 WL 28283 (E.D.N.Y. Jan. 3, 2007)....................................................8

*Ruiz v. New Avon LLC*,
  No. 18-cv-9033, 2019 WL 4601847 (S.D.N.Y. Sept. 22, 2019) .............................................5

*Torres v. New York Methodist Hosp.*,
  No. 15-cv-1264, 2016 WL 3561705 (E.D.N.Y. Jan. 7, 2016)..........................................11, 12

*Whipple v. Reed Eye Assocs.*,
  213 F. Supp. 3d 492 (W.D.N.Y. 2016) .............................................................................14, 15

*Xiang v. Eagle Enterprises, LLC*,
  No. 19-cv-1752, 2020 WL 248941 (S.D.N.Y. Jan. 16, 2020) ..........................................10, 11

**STATUTES AND OTHER AUTHORITIES**

N.Y. Exec. Law § 290 *et seq.* ................................................................................ *passim*

N.Y.C. Admin. Code § 8-101 *et seq.* ..................................................................... *passim*

Federal Rule of Civil Procedure 12(b)(6) ............................................................1, 2, 11

Federal Rule of Civil Procedure 8 ......................................................................... 4, 5, 6

Defendants Fox Corporation ("Fox Corp."), Jennifer Rauchet, John Finley, and Monica Mekeel (collectively, "Moving Parties") respectfully submit this memorandum of law in support of their motion to dismiss the Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff Brittany McHenry is a contributor for Defendant Fox News Network, LLC ("Fox News Network").[1]  In her Complaint,[2] Plaintiff alleges that she was sexually harassed by another contributor for Fox News Network, Defendant George Murdoch (a.k.a. "Tyrus"), and subjected to retaliation in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq*. and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq*.  In addition to suing Fox News Network and Tyrus, she also impermissibly seeks to hold the Moving Parties liable for the alleged harassment and retaliation.

The Complaint fails to state a claim against any of the Moving Parties and therefore must be dismissed as to them.  It does not allege that Fox Corp. was Plaintiff's employer, that it was a single or joint employer with Fox News Network, or assert any theory that plausibly states a claim for relief against Fox Corp.  Likewise, in order to state a claim against Rauchet, Finley, or Mekeel, the Complaint must allege that they actually participated in alleged harassment or retaliation against Plaintiff, *Erasmus v. Deutsche Bank Americas Holding Corp.*, No. 15-cv-1398, 2015 WL 7736554, at *8 (S.D.N.Y. Nov. 30, 2015).  The Complaint fails to do so. Accordingly, the Moving Parties should be dismissed from this suit.

---

[1] Fox News Network denied the material allegations in the Complaint in an Answer filed concurrently herewith and is not a Moving Party.

[2] Plaintiff's Complaint appears on the docket as Document 6, is referenced herein as "Compl. ¶ __".

## SUMMARY OF RELEVANT ALLEGATIONS[3]

In July 2018, contributors Plaintiff and Tyrus were asked by Fox News Network to co-host *Un-PC,* a then-upcoming weekly half-hour program on Fox Nation, Fox News Network's internet-only, subscription digital streaming service.  (*See* Compl. ¶ 65.)  Plaintiff claims that during the months she and Tyrus co-hosted the program, Tyrus sexually harassed her.  (*Id.* at ¶¶ 66-82.)  She also claims that she was subject to retaliation.  (*Id.* at ¶¶ 88-99.)

The Complaint does not allege that Fox Corp. played any role in any alleged harassment or retaliation.  It also does not plead that Fox Corp. had a contractual or employment relationship, or any relationship whatsoever, with either Plaintiff or Tyrus.  Rather, the Complaint alleges only that Defendants Fox News Network, Fox Entertainment Group, News Corporation, and Fox Corp., collectively, "hired" Plaintiff to co-host *Un-PC* and that "Fox" (an undefined entity) "hired" Tyrus.  (*Id.* at ¶ 65.)

The only allegations asserted in the Complaint concerning Finley's, Mekeel's, or Rauchet's purported participation in harassment and/or retaliation are: (i) Plaintiff claims she reported complaints of sexual harassment to Rauchet, and that Rauchet failed to investigate Plaintiff's internal complaints, Compl. ¶¶ 83-84, 86; (ii) that Mekeel investigated Plaintiff's complaint, Compl. ¶ 88; and (iii) that, since the time of her harassment complaint, Plaintiff has not been booked on a program that Rauchet allegedly produced, Compl. ¶ 93.  The Complaint contains no allegations that Finley, Mekeel, or Rauchet participated in Tyrus' alleged harassment, treated Plaintiff differently on the basis of her sex, deterred Plaintiff from reporting other claims of discrimination, had any discriminatory or retaliatory animus, or participated in

---

[3] The facts contained herein are drawn from the Complaint and accepted as true under Rule 12(b)(6) only for the purposes of this motion.

any decision (or even that they had such decision-making authority) to diminish Plaintiff's opportunities in retaliation for reporting Tyrus' alleged harassment.

The Complaint also does not plead that Finley, Mekeel, or Rauchet had supervisory authority over Plaintiff or an ownership interest in Fox News Network.  It alleges only that Finley has been a Vice President at Fox News Channel since 2000, that Rauchet has been an Executive Producer at Fox News Channel since 2006, and that Mekeel has been a Human Resources Consultant with Fox News Channel and Fox Corp. since February 2017.  (Compl. ¶¶ 11-13.)

## PROCEDURAL HISTORY

On October 30, 2019, Plaintiff filed a Verified Complaint ("DHR Complaint") with the New York State Division of Human Rights ("DHR") against Fox News Network, Tyrus, Rauchet, Finley, and Mekeel.  In her DHR Complaint, Plaintiff identified "Fox News Network LLC" as her "employer" and made the same allegations on which this action is based.  After Fox News Network, Rauchet, Finley, and Mekeel filed their position statement in the DHR matter, Plaintiff sought to withdrew her DHR Complaint[4] and filed this federal case against not only her purported "employer," but also Fox Corp., Rauchet, Finley, Mekeel, Fox Entertainment Group, and News Corporation.

Shortly after Plaintiff filed this action, Fox News Network requested that Plaintiff dismiss the Moving Parties, Fox Entertainment Group, and News Corporation as improperly named. In response, Plaintiff requested, and the Court granted, the dismissal of Fox Entertainment Group and News Corporation.  (*See* Doc. Nos. 10, 11.)  Plaintiff, however, would not agree to dismiss the Moving Parties, thereby necessitating this motion.

---

[4] The DHR has not dismissed Plaintiff's DHR Complaint to date.

**LEGAL STANDARD**

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  A pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  If the plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed."  *Twombly*, 550 U.S. at 570.

To satisfy Rule 8's pleading standard, "a complaint should provide 'specification of any particular activities by any particular defendant.'"  *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 449 (S.D.N.Y. 2016) (quoting *In re Elevator Antitrust Litig.,* 502 F.3d 47, 50 (2d Cir. 2007)).  "[A] complaint against multiple defendants [must] indicate clearly the defendants against which relief is sought and the basis upon which relief is sought against the particular defendants."  *Am. Sales Co. v. AstraZeneca AB*, No. 10-cv-6062, 2011 WL 1465786, at *5 (S.D.N.Y. Apr. 14, 2011) (quoting *Martin v. City of N.Y.*, No. 07-cv-7384, 2008 WL 1826483, at *1 (S.D.N.Y. Apr. 23, 2008)).

**ARGUMENT**

## I.   THE COMPLAINT DOES NOT PLEAD THAT FOX CORP. EMPLOYED PLAINTIFF

Plaintiff's Complaint fails to state a claim against Fox Corp. because it does not plead that Fox Corp. was Plaintiff's employer or that it had a contractual relationship with her. Plaintiff cannot plead such facts because at all times material hereto her contractual relationship

was exclusively with Fox News Network.  Similarly, Plaintiff has not pled any facts supporting

an inference that Fox Corp. is liable as a single or joint employer with Fox News Network or that

it is liable under any other theory.  Thus, Fox Corp. must be dismissed from this lawsuit.

### A.    Plaintiff Has Not Pled an Employment or Contractual Relationship with Fox Corp.

In order to state a claim against Fox Corp. under the NYCHRL and NYSHRL, Plaintiff

must adequately plead an employment or contractual relationship with Fox Corp.  *Ruiz v. New*

*Avon LLC*, No. 18-cv-9033, 2019 WL 4601847, at *12 (S.D.N.Y. Sept. 22, 2019) (citations

omitted) ("To plead a claim under the NYSHRL and NYCHRL, a plaintiff must allege an

employment relationship between plaintiff and defendant"); NYCHRL § 8-107(1), (13);

NYSHRL § 296, 296-d.  Plaintiff has not pled that she had any relationship with Fox Corp.

whatsoever, let alone an employment or contractual one, and therefore, has not satisfied her

pleading burden.

Indeed, the 195-paragraph Complaint references Fox Corp. explicitly in only three

paragraphs.  (Compl. ¶¶ 5, 13, 56.)  These paragraphs purport to identify Fox Corp.'s citizenship,

subsidiaries, and Chairman and CEO, and that Fox Corp., along with Fox News Network,

employs Mekeel.  (*Id.*)  The paragraphs do not allege the existence of any employment or

contractual relationship between Fox Corp. and Plaintiff.  (*See* Compl. ¶¶ 5, 13, 56.)

Plaintiff's use of the terms "Fox News" and "Entity Defendants" to collectively refer to

Fox Corp., Fox News Network, Fox Entertainment Group, and News Corp., without

differentiating which defendant allegedly engaged in the activities referenced therein, does not

cure this pleading defect.  (*See* Compl. Intro. ¶, ¶¶ 9, 65.)  The Second Circuit has found that

lumping defendants together in this way fails to satisfy Rule 8's minimum pleading standard.

*Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (affirming dismissal of

complaint because, "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff]'s complaint failed to satisfy this minimum [pleading] standard"); *see also Medina v. Bauer*, No. 02-cv-8837, 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) (dismissing claims against defendants that were specifically named in just three allegations and otherwise referred to collectively with other defendants because "[b]y lumping all the defendants together and failing to distinguish their conduct, plaintiff's amended complaint fails to satisfy the requirements of Rule 8"). Thus, Plaintiff's allegation that Fox Corp., Fox News Network, Fox Entertainment Group, and News Corp., allegedly collectively, "hired" Plaintiff, Compl. Intro. ¶, ¶¶ 9, 65, does not sufficiently plead that Fox Corp. employed or contracted with Plaintiff and therefore does not state a claim against Fox Corp.

   **B.    The Complaint Does Not Contain Factual Allegations Supporting Any Other Cognizable Claim against Fox Corp.**

   The Complaint also fails to state a claim against Fox Corp. as an aider and abettor. A claim of aiding and abetting under the NYCHRL or NYSHRL requires a showing that the defendant actually participated in the conduct giving rise to the claim of discrimination or retaliation and shared the principal actor's discriminatory or retaliatory intent or purpose. *Robles v. Goddard Riverside Cmty. Ctr.*, No. 08-cv-4856, 2009 WL 1704627, at *3 (S.D.N.Y. June 17, 2009); *Fried v. LVI Servs., Inc.*, No. 10-cv-9308, 2011 WL 2119748, at *8 (S.D.N.Y. May 23, 2011). Here, the Complaint does not plead that Fox Corp. actually participated in the discriminatory or retaliatory conduct because it contains no allegations that Fox Corp. or any of its employees participated in the purported discriminatory or retaliatory acts or even that they knew or should have known of any such conduct and failed to take appropriate action. Accordingly, the Complaint fails to state an aiding and abetting claim against Fox Corp.

Similarly, the Complaint fails to provide any basis of vicarious liability on the part of Fox Corp.  In order to state a claim for vicarious liability against Fox Corp. under the NYCHRL or NYSHRL, Plaintiff must plausibly allege, among other things, the existence of an employment or contractual relationship between Fox Corp. and the purported wrongdoer and that the purported wrongdoer violated the NYCHRL or NYSHRL.  NYCHRL § 8-107(13); NYSHRL § 296-d; *see Croci v. Town of Haverstraw*, 146 A.D.3d 748, 749, 44 N.Y.S.3d 546, 548 (N.Y. App. Div. 2017) (citation omitted) ("An employer cannot be held liable [under the NYSHRL] for an employee's discriminatory act unless the employer became a party to it by encouraging, condoning or approving it").  The Complaint does not sufficiently plead the existence of a relationship between Fox Corp. and any wrongdoer.  It does not allege that Fox Corp. employed or contracted with Finley, Rauchet, or Tyrus, the purported harasser.  The bald assertion that "Fox" (an undefined entity) "hired" Tyrus to co-host *Un-PC*, Compl. ¶ 65, is patently deficient to state any relationship between Fox Corp. and Tyrus.  *Supra* at I.A.  And, although the Complaint alleges that Mekeel worked for Fox Corp., it does not sufficiently plead that Mekeel violated the NYCHRL or NYSHRL.  Therefore, the Complaint also fails to state a claim for vicarious liability against Fox Corp.

### C.    The Complaint Does Not Allege a Single or Joint Employer Relationship Between Fox News Network and Fox Corp.

The Complaint does not allege that Fox Corp. is a joint or single employer with Fox News Network, and even if it attempted to do so, it fails to plead sufficient factual allegations to state a plausible claim against Fox Corp. under either doctrine.  *Barbosa v. Continuum Health Partners, Inc*., 716 F. Supp. 2d 210, 219 (S.D.N.Y. 2010) (a plaintiff "must plead enough facts so that the claim is facially plausible and gives fair notice to defendants of her theory of employer liability").

The single employer doctrine applies where two separate entities are part of a single, integrated enterprise such that the imposition of liability on the entity other than the direct (or nominal) employer is warranted.  *Conde v. Sisley Cosmetics USA, Inc.*, No. 11-cv-4010, 2012 WL 1883508, at *5 (S.D.N.Y. May 23, 2012); *Lima v. Addeco*, 634 F. Supp. 2d 394, 402 (S.D.N.Y. 2009), *aff'd sub nom.*, *Lima v. Adecco &/or Platform Learning, Inc.,* 375 F. App'x 54 (2d Cir. 2010); *Fried*, 2011 WL 2119748, at *3-5.  "The four-factor test for determining whether entities constitute a single employer looks to '(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control'" between the two entities."  *Conde*, 2012 WL 1883508, at *5 (quoting *Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 378 (2d Cir. 2006)).

Here, the Complaint does not plead a single fact related to the single employer doctrine. The allegations that Mekeel was employed by "Fox News Channel and Fox Corporation as a Human Resources Consultant and Senior Vice President" and that Fox News Network and Fox Corp., collectively, "hired" Plaintiff, Compl. ¶¶13, 65, do not remotely articulate facts satisfying the single employer standard.  First, Plaintiff's lumping together of Fox Corp. with Fox News Network in alleging that such entities together "hired" her does not constitute a sufficient pleading as to Fox Corp.  *Supra,* Section I.A.  Second, one employee's purported employment by Fox News Channel and Fox Corp. falls far short of alleging the requisite indicia of integration. *Ruhling v. Tribune Co*., No. 04-cv-2430, 2007 WL 28283, at *6 (E.D.N.Y. Jan. 3, 2007) (allegation that plaintiff expressed concerns to parent company's Vice President of Human Resources, among other things, insufficient for application of single employer doctrine).

Likewise, Plaintiff has not pled that Fox Corp. is liable as her joint employer, nor has she pled any facts that would support an inference of a joint employment relationship between Fox

Corp. and Fox News Network.  A joint employment relationship between two companies exists where an employee's formal employer has a relationship with another entity that has sufficient immediate control over the formal employer's employees.  *Fried*, 2011 WL 2119748, at *7. Relevant factors in assessing potential joint employment include, "commonality of hiring, firing, discipline, pay, insurance, records, and supervision."  *Id.* at *7 (citation omitted); *see Conde*, 2012 WL 1883508, at *3 (allegation that plaintiff was required to interview with putative joint employer in order to be hired by direct employer insufficient to state joint employer relationship).  The Complaint does not plead that Fox Corp. exerted any control over Plaintiff's supervision or the terms of her contractual relationship with Fox News Network.  Accordingly, Plaintiff has not adequately pled that Fox Corp. is her joint or single employer or any facts from which the Court could possibly draw such an inference.

Plaintiff also fails to state a claim against Fox Corp. as a single or joint employer for the separate and independent reason that she has not alleged that Fox Corp. engaged in any discriminatory or retaliatory conduct.  In order to state a claim against Fox Corp. as her indirect "employer," Plaintiff must also adequately plead that Fox Corp. participated in the discriminatory conduct, or knew or should have known of such conduct and failed to take corrective measures within its control.  *Goodman v. Port Auth. of New York & New Jersey*, 850 F. Supp. 2d 363, 387 (S.D.N.Y. 2012) (dismissing NYCHRL and NYSHRL claims against putative indirect employer because complaint's bare-boned allegations that indirect employer was aware of violations and took no steps to remedy behavior of direct employer did not satisfy plaintiff's pleading burden).  Plaintiff has failed to allege that Fox Corp. participated in the discriminatory or retaliatory conduct or that Fox Corp. knew or should have known of such

conduct and failed to take remedial measures.  *Supra*, Section II.B.  Therefore, the Complaint

fails to state a claim against Fox Corp. as Plaintiff's single or joint employer.

In sum, the Complaint has failed to state a claim against Fox Corp.  Accordingly, Fox

Corp. must be dismissed from the case.

## II.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST FINLEY, RAUCHET, OR MEKEEL

A plaintiff seeking to hold an individual liable under the NYCHRL and NYSHRL must

establish either direct or aiding and abetting liability.  Because Plaintiff has failed to adequately

plead that Finley, Mekeel, or Rauchet is liable directly or as an aider and abettor, her claims

against them fail.

In order to state a claim for direct liability against Finley, Mekeel, or Rauchet under the

NYCHRL or NYCHRL, Plaintiff must plausibly allege that they actually participated in the

discriminatory or retaliatory conduct.  *Erasmus*, 2015 WL 7736554, at *8.  To hold them directly

liable for her NYSHRL discrimination claim, Plaintiff must also plead that Finley, Mekeel, and

Rauchet each had ownership interest in Fox News Network or had supervisory authority, such as

hiring or firing authority, to do more than merely carry out personnel decisions made by others.

*Xiang v. Eagle Enterprises, LLC*, No. 19-cv-1752, 2020 WL 248941, at *6 (S.D.N.Y. Jan. 16,

2020) (dismissing NYSHRL discrimination claim against individual defendant because

complaint did not plead that the individual had authority to hire or fire plaintiff or ownership

interest in the entity that employed plaintiff).

In order to state an aiding and abetting claim against Finley, Mekeel, or Rauchet under

the NYCHRL or NYSHRL, Plaintiff must plead that each of them: (i) actually participated in the

discriminatory or retaliatory conduct; and (ii) shared the discriminatory or retaliatory intent,

purpose, or animus of the principal actor.  *Fried*, 2011 WL 2119748, at *8 (dismissing NYCHRL

aiding and abetting claims because complaint contained no allegations regarding defendants'

state of mind, shared animus, or direct participation in the alleged discriminatory actions);

*Robles*, 2009 WL 1704627, at *3 (same as to NYSHRL aiding and abetting claims against

individual defendants because complaint proffered no facts demonstrating their participation in

decision to discharge plaintiff or their discriminatory motive for employment decisions affecting

plaintiff).

Courts dismiss direct liability and aiding and abetting claims against individual

defendants under Rule 12(b)(6), where, as here, the plaintiff has failed to plead factual

allegations regarding an individual defendant's involvement in the decisions that adversely

impacted the plaintiff, knowledge of the alleged discrimination or retaliation, conduct inferring

discriminatory or retaliatory animus or motives, supervisory authority over the plaintiff, or an

ownership interest in the plaintiff's employer.  *Xiang*, 2020 WL 248941, at *6 (dismissing

NYCHRL and NYSHRL discrimination claims against an individual defendant because

complaint contained no allegations that individual had authority to hire or fire plaintiff, had

ownership interest in employer, shared the intent or purpose of principal, or participated in

discrimination because directing elsewhere to obtain answers to her maternity leave questions

was inadequate involvement); *Erasmus*, 2015 WL 7736554, at *8 (dismissing NYCHRL and

NYSHRL harassment claims against individual because there were no allegations that individual

participated in or knew of harassing conduct while it was ongoing);  *Torres v. New York*

*Methodist Hosp.*, No. 15-cv-1264, 2016 WL 3561705, at *14 (E.D.N.Y. Jan. 7, 2016)

(dismissing direct and aiding and abetting NYCHRL and NYSHRL retaliation claims against

individual defendant, who was the purported harasser, because complaint contained no

allegations that individual had any role in the retaliatory actions and noting that absence of

allegations that he had authority to affect the terms, conditions, and privileges of plaintiff's employment was "telling").

### A.     Finley

Plaintiff fails to state a claim for either direct or aiding and abetting liability against Finley.  As to direct liability, the Complaint does not allege that Finley knew about, let alone actually participated in, any purported sexual harassment.  The only allegation regarding Finley's alleged awareness of Tyrus' conduct vis-à-vis Plaintiff concerns an e-mail sent to Finley by Plaintiff's talent agent on April 12, 2019, lamenting that Plaintiff was subjected to an "intolerable work environment."  (Compl. ¶ 87.)  However, the Complaint does not allege that Plaintiff complained to Finley of any sex-based harassment or discrimination, and therefore does not adequately plead Finley's knowledge of or participation in alleged sexual harassment.  (*Id.*) The Complaint also fails to state a NYSHRL discrimination claim against Finley because it does not allege that Finley had any supervisory authority over Plaintiff or has any ownership interest in Fox News Network.  All the Complaint alleges in that regard is that Finley is "employed" by "Fox News Channel," which is insufficient to establish that he had the required ownership interest or power to hire or fire Plaintiff.  (*See* Compl. ¶ 12.)

Likewise, the Complaint does not allege that Finley participated in any retaliation.  The Complaint does not even allege that he had supervisory authority over her such that he *could* retaliate against her.  *Torres*, 2016 WL 3561705, at *12 (dismissing NYSHRL and NYCHRL retaliation claims under direct and aiding-and-abetting theories against individual defendant because "[t]ellingly absent from the Complaint are any allegations that [individual defendant] had the authority to take any action that would affect the terms, conditions, and privileges of Plaintiff's employment").

As to aiding and abetting, the Complaint fails to state a claim against Finley because it fails to allege that he actually participated in the conduct giving rise to Plaintiff's discrimination or retaliation claims.  So too, her aiding and abetting claim fails because Plaintiff has not asserted that Finley shared a discriminatory or retaliatory animus with another actor referenced in the Complaint.

Accordingly, the Court should dismiss Plaintiff's claims against Finley.

### B.   Mekeel

For the same reasons Plaintiff has not adequately pled direct or aiding and abetting liability against Finley, she has not pled such liability against Mekeel.

The Complaint fails to plead direct liability against Mekeel because it does not allege that Mekeel even knew about the alleged harassment, let alone that she actually participated in it. The only interaction between Plaintiff and Mekeel alleged in the Complaint occurred during Mekeel's investigation into Plaintiff's claims, after Tyrus' purported harassment concluded, Compl. ¶ 88, which is insufficient to plead participation in harassment.  *Farzan v. Wells Fargo Bank*, No. 12-cv-1217, 2013 WL 474346, at *2 n.3 (S.D.N.Y. Jan. 25, 2013) (citations omitted) ("employment discrimination claim against [individual defendant] . . .  must fail because it is undisputed that [her] only involvement in [plaintiff]'s employment was the investigation of, and response to, his [discrimination] claims."), *adopted sub nom.*, 2013 WL 2641643 (S.D.N.Y. June 11, 2013).  As with Finley, Plaintiff's NYSHRL claims against Mekeel for discrimination also fail because Plaintiff does not allege that Mekeel had supervisory authority over Plaintiff, or that she had any ownership interest in Fox News Network.  (*See* Compl. ¶ 13.)

Similarly, the Complaint does not plausibly plead that Mekeel participated in any retaliation against Plaintiff.  To the extent the Complaint suggests that actions that Mekeel took during her investigation constituted retaliation, that claim fails on its face.  *Cox v. Onondaga Cty.*

*Sheriff's Dep't*, 760 F.3d 139, 147 (2d Cir. 2014) ("[E]mployees who complain of racial discrimination, whether internally and/or through an EEOC complaint, may not claim retaliation simply because the employer undertakes a factfinding investigation."); NYCHRL § 8-107(7) (retaliation "must be reasonably likely to deter a person from engaging in protected activity"). Moreover, the Complaint fails to allege that Mekeel exercised supervisory authority over Plaintiff and thus was even in the position to retaliate against her.  (*See* Compl. ¶¶ 13, 88.)

The Complaint fails to state a claim for aiding and abetting liability against Mekeel.  It does not adequately plead that Mekeel actually participated in the conduct giving rise to Plaintiff's discrimination or retaliation claims and does not allege that Mekeel shared a discriminatory or retaliatory animus with another individual or entity.

Accordingly, the Court should dismiss Plaintiff's claims against Mekeel.

## C.      Rauchet

As with Finley and Mekeel, Plaintiff does not adequately plead direct or aiding and abetting liability against Rauchet.

Plaintiff does not state a claim for direct liability against Rauchet because the Complaint does not plead that Rauchet participated in any purported sexual harassment.  Plaintiff attempts to assert that Rauchet participated in retaliation by not investigating her internal complaints. However, the failure to investigate an internal complaint of discrimination is not actionable retaliatory conduct, and therefore she fails to state a claim that Rauchet participated in any retaliatory conduct.  *Whipple v. Reed Eye Assocs.*, 213 F. Supp. 3d 492, 496 (W.D.N.Y. 2016). Similarly, Plaintiff's suggestion, in a single conclusory and speculative allegation, that Plaintiff has not been booked on a program that Rauchet allegedly produces, Compl. ¶ 93, does not state a retaliation claim because not being booked does not constitute a retaliatory action under either the NYSHRL or NYCHRL. NYCHRL § 8-107(7); *Davis-Bell v. Columbia Univ.*, 851 F. Supp.

2d 650, 681 (S.D.N.Y. 2012).  The Complaint also does not claim that Rauchet had either the

ability to hire or fire her or an ownership interest in Fox News Network, which is fatal to her

direct liability discrimination claim under the NYSHRL.

The Complaint also fails to state a claim against Rauchet for aiding and abetting liability

because it does not allege that she participated in any discrimination or retaliation.  Plaintiff

appears to assert, *see* Compl. ¶¶ 83-84, 86, that Rauchet aided and abetted harassment because

Rauchet did not adequately respond to her purported harassment complaints.  A supervisor who

fails to investigate or take remedial action may be liable as an aider and abettor, but *only* if the

supervisor was informed of the alleged discriminatory conduct.  *Whipple*, 213 F. Supp. 3d at 496.

While complaints regarding sex-based discrimination or harassment may trigger a supervisor's

duty to investigate or take remedial action, generalized complaints without reference to a

protected characteristic do not.  *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 102

(2d Cir. 2011) (affirming dismissal of hostile work environment and retaliation claims under the

NYSHRL because plaintiff's internal complaint that her boss was "making my life miserable"

and imploring other supervisor to take action was not specific enough such that it placed the

employer on notice of the harassment or protected activity).

Here, the Complaint does not adequately state that Plaintiff actually made a protected

harassment complaint to Rauchet at any time prior to the time that Plaintiff and Tyrus were

separated from each other.  Plaintiff alleges that she reported to Rauchet "that [Tyrus] had sent

her inappropriate texts;" exhibited "demeaning conduct" towards Plaintiff; and "yelled . . . and

cursed at her."  (Compl. ¶¶ 83-84, 86.)  All of these complaints occurred well after the last

harassing incident Plaintiff claims to have experienced, which was on December 31, 2018.

(Compl. ¶ 82.)  Moreover, while the Complaint baldly characterizes two of these reports as

complaints of "sexual harassment," Compl. ¶¶ 84, 86, these allegations are pure conclusions with no factual allegations to support them.  Indeed, the factual allegations in the Complaint about these two reports show that they were not sexual harassment complaints.  (*See* Compl. ¶ 84 (conclusorily alleging sexual harassment based on claim that Tyrus stated "that [Plaintiff's] opinion was 'an ignorant point of view,' that she had 'no integrity,' and that 'only an idiot would say that.'"); ¶ 86 (conclusory allegation that when Plaintiff complained to Rauchet that "[Tyrus] yelled at [Plaintiff] to take [a] banner down, and cursed at her" she thereby "ma[d]e a third report about [Tyrus'] sexual harassment and retaliatory abuse.").)   These types of generalized conclusory allegations that are unsupported by, and in fact, contradicted by specific factual allegations in the Complaint, do not suffice to state a claim for aiding and abetting liability against Rauchet.  *Perry v. NYSARC, Inc*., 424 F. App'x 23, 25 (2d Cir. 2011) (complaint's conclusory allegations that were contradicted by specific factual allegations are not accepted as true and fail to state a claim); *Jones v. Nat'l Commc'n & Surveillance Networks*, 409 F. Supp. 2d 456, 471 (S.D.N.Y. 2006), ("the Complaint is not saved by conclusory allegations that are inconsistent with the facts pled"), *aff'd sub nom.*, 266 F. App'x 31 (2d Cir. 2008).

Thus, Plaintiff fails to state a claim against Rauchet.

## **CONCLUSION**

For the reasons stated herein, the Complaint fails to state a claim against the Moving Parties, and they should therefore be dismissed.

Dated:        March 9, 2020                    Respectfully submitted,
              New York, New York
                                               **JONES DAY**

                                               By: _s/ Matthew W. Lampe_
                                                   Matthew W. Lampe
                                                   Kristina A. Yost
                                                   Maryssa A. Mataras
                                                   JONES DAY
                                                   250 Vesey Street
                                                   New York, New York 10281
                                                   Telephone:  (212) 326-3939
                                                   mwlampe@jonesday.com
                                                   kyost@jonesday.com
                                                   mmataras@jonesday.com

                                                   _Attorneys for Defendants Fox_
                                                   _Corporation, Jennifer Rauchet, John_
                                                   _Finley, and Monica Mekeel_