

July 29, 2020

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: *McHenry v. Fox News Network, LLC et al.*, Case No. 1:19-cv-11294

Dear Judge Engelmayer:

      We represent Plaintiff Britt McHenry ("Plaintiff") in the above captioned action. Plaintiff writes to respectfully request that the Court grant Plaintiff's request to compel Defendants to satisfy their obligations under Fed. R. Civ. P. 26(f).

      Plaintiff has tried to schedule a Rule 26 conference, but Defendants have refused. The Rule 26 conference is not an optional invitation which Defendants may decline to attend. Defendants' refusal to comply with their obligations under Rule 26 essentially institutes a unilateral stay on discovery without Defendants meeting their burden for imposing a stay. Moreover, when this Court resumes normal operations, Plaintiff does not want the Court to ask why the parties have failed to advance this case.

      Plaintiff filed the Complaint on December 11, 2019. (ECF 6.) Counsel for Defendant George Murdoch ("Defendant Murdoch") first appeared on January 7, 2020 through their *pro hac vice* applications. (*See* ECF 13-14.) Counsel for Fox News Network, LLC, ("Fox News") Fox Corporation, Jennifer Rauchet, John Finley, and Monica Mekeel (collectively, "Fox Defendants") entered their appearance on January 10, 2020. (*See* ECF 18, 21-22.) On March 9, 2020, Defendants moved to dismiss the Complaint. (*See* ECF 31-35.) Plaintiff filed her First Amended Complaint ("FAC") on March 30, 2020. (ECF 39.) Fox News filed its Answer on April 20, 2020. (ECF 46.) All Defendants other than Fox News moved to dismiss the FAC and both motions were fully briefed on May 11, 2020. (ECF 40-50.)[1]

      Counsel for Plaintiff reached out to counsel for Defendants via email on June 23, 2020 to schedule the Rule 26(f) conference. Defendants did not respond. Plaintiff followed up with Defendants on July 6, 2020, yet again, Defendants did not respond. Plaintiff emailed Defendants a third time on July 22, 2020 and advised defense counsel that she had no choice but to file a motion to compel on the Rule 26 conference. The parties met and conferred via teleconference on July 29, 2020 regarding Plaintiff's motion to compel. Defendants reiterated during the call their refusal to participate in the Rule 26(f) conference while the motions to dismiss were pending.

---

[1] Plaintiff respectfully alerts the Court under Rule 3(J) of Your Honor's Individual Rules of Practice in Civil Cases that more than 60 days has passed since Defendants' motions to dismiss were fully briefed. The rule provides that movant has the responsibility to alert the court, but Defendants have failed to do so, further demonstrating their intent to delay these proceedings.

### A. Defendants Are in Violation of 26(f)

Under Fed. R. Civ. P. 26(f)(1), the parties are required to hold a Rule 26 conference "as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). As a scheduling conference has not yet been scheduled in this case, under the applicable rules the discovery conference in this case must be held "as soon as practicable." The Advisory Committee Notes to Rule 26(f) indicate that a conference must be scheduled even if a defendant has not yet answered a complaint.

Defendants' argument that they can refuse to participate in the Rule 26 conference pending a ruling on their motion to dismiss is without merit. Requesting to stay the Rule 26 conference while the motion to dismiss is pending "assume[s] that the underlying motion to dismiss will be successful," which courts have declined to do. *See In re Chase Manhattan Corp. Sec. Litig.*, No. 90 CIV. 6092 (LMM), 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991); *Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985). Moreover, it is well-settled that a motion to dismiss does not automatically stay discovery. *See In re Currency Conversion Fee Antitrust Litig.,* No. M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) ("[I]mposition of a stay is not appropriate simply on the basis that a motion to dismiss has been filed, as the Federal Rules make no such provision."); *Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 17 CIV 6334 (PGG), 2020 WL 230183, at *2 (S.D.N.Y. Jan. 15, 2020) ("Courts do not routinely stay discovery simply on the basis that a motion to dismiss has been filed.") (internal quotations omitted); *Mirra v. Jordan*, No. 15 Civ. 4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay."). Finally, the Advisory Committee Notes of Rule 26 expressly contradict Defendants' position, noting that the obligation under Rule 26 "is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case." Fed. Rules Civ. Proc., rule 26, 1993 Advisory Comm. Notes.

### B. Defendants Have Not Demonstrated "Good Cause" to Stay Discovery

Defendants have the burden to establish "good cause" to stay the Rule 26(f) conference and the start of discovery.[2] *See Mirra v. Jordan*, 2016 WL 889559, at *2. In determining whether Defendants have demonstrated "good cause" courts consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (internal quotations omitted).

Here, Defendants have not articulated a "strong showing" that Plaintiff's claim is unmeritorious. In the FAC, Plaintiff alleges she was subjected to months of sexual harassment from Defendant George Murdoch and the Fox Defendants failed to adequately investigate her serious discrimination complaints and instead retaliated against her. The bulk of both Defendants' motions to dismiss concern whether Defendants' conduct constitutes discrimination and retaliation, a fact-intensive inquiry generally not decided on a motion to dismiss. *See Kirschner v.*

---

[2] Should Defendants seek a stay of discovery, they must file a motion, which Plaintiff will oppose.

B

Our attorneys are admitted to practice law in California, New York and Florida
7655 Winnetka Ave., #3408 | Winnetka| CA | 91396 | Office: (818) 914-7397 | Fax: (818) 884-8079 | TheBloomFirm.com

*J.P. Morgan Chase Bank, N.A.*, 2020 WL 230183, at *2 (holding that defendants had not met the first factor because, *inter alia*, the issues raised in their motion involved fact intensive questions generally not appropriate for a motion to dismiss); *Mirra v. Jordan*, 2016 WL 889559, at *2 (holding that Defendants had not made a strong showing that plaintiff's claim was unmeritorious when the issues in defendant's motion to dismiss were fact-specific).

Under the second factor, Plaintiff has communicated her willingness to tailor a discovery plan to factor in potentially dismissed claims and Defendants. Defendants still refused to hold a 26(f) conference and have not shown how discovery would be burdensome.

Third, Plaintiff will be prejudiced by delaying the Rule 26(f) conference. Plaintiff filed the Complaint seven months ago and risks witnesses' memories fading the more time passes. *Mirra v. Jordan*, 2016 WL 889559, at *3 (recognizing witness memory fading as an unfair prejudice).

### C. The Parties Have an Obligation Not to Delay Proceedings

Litigants in this Court have an obligation to cooperate and not delay proceedings. *See* SDNY Local Civil Rule 26.4 (counsel are expected to cooperate with each other in all phases of discovery); *cf.* Fed. R. Civ. P. 1 (Federal Rules should be construed by courts and parties to secure the speedy determination of proceedings). Although pandemic delays may be inevitable, and Plaintiff understands that the Court has the right to control its own docket, Plaintiff takes seriously her obligation not to impose unnecessary delays. The parties can, and should, proceed with discovery.

Importantly, Fox News answered the FAC and did not move to dismiss any of the claims against it, which include Gender Discrimination and Sexual Harassment under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), Retaliation under the NYSHRL and NYCHRL, and Aiding and Abetting Gender Discrimination and Retaliation under the NYSHRL and NYCHRL. Even if Defendants succeeded in dismissing all claims raised in their respective dispositive motions, Plaintiff's case would still proceed against Fox News, further undercutting the necessity of a stay. *See Kirschner v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 230183, at *3 (denying request for stay when pending dispositive motion would not eliminate all claims). The initial disclosures and other discovery requests likely to arise in this case would be the same for Fox News whether or not the other defendants are dismissed.

Plaintiff has offered to discuss, during the Rule 26(f) conference, imposing initial limits on discovery in consideration of the pending motion to dismiss. Defendants' refusal to even attend the conference and discuss potential limits is a violation not only of its obligations under Rule 26, but also of Defendants' obligations to cooperate and not to unnecessarily delay these proceedings.

In conclusion, Plaintiff respectfully requests that the Court compel Defendants to participate in a Rule 26(f) conference as Defendants have not shown "good cause" to stay discovery.

Respectfully submitted,

/s/ Arick Fudali
THE BLOOM FIRM
*Attorneys for Britt McHenry*

