# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-8338
mwlampe@jonesday.com

August 3, 2020

**VIA ECF**
The Honorable Paul A. Engelmayer
U.S. District Judge
U.S. District Court, Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

      Re:    <u>*McHenry v. Fox News Networks, LLC et al.*</u>, Case No. 1:19-cv-11294-PAE

Dear Judge Engelmayer:

      This Firm represents Defendants Fox News Network, LLC ("Fox News"), Fox Corporation, John Finley, Monica Mekeel, and Jennifer Rauchet (collectively, the "Fox Parties"). The Fox Parties believe that the parties should maximize the effectiveness and efficiency of their case planning and discovery activities so that this matter may proceed to resolution in the most streamlined manner possible. Thus, the Court should deny Plaintiff's motion to compel the Fox Parties to conduct a Rule 26(f) conference (Doc. No. 51) and prematurely launch into potentially needless discovery before the Court issues rulings that will determine the claims, issues, and parties in this case. There are six defendants in the case, and five have moved to dismiss all claims against them.[1] The Fox Parties respectfully request that Your Honor order the parties to conduct the Rule 26(f) conference *after* the Court resolves the pending motions.

      On June 23, 2020, counsel for Plaintiff e-mailed counsel for Defendants stating "It is our understanding that we may move forward with the Rule 26 Conference during the pendency of the Motion to Dismiss, if the parties agree," and asking if Defendants agreed. On July 6, 2020, counsel for Plaintiff asked again if Defendants agreed, and on July 22, changed course and said that they would move to compel the Rule 26(f) conference if Defendants did not agree to hold the Rule 26(f) conference. On July 23, the Fox Parties replied, stating that holding a Rule 26(f) conference would be impracticable and inefficient, since motions to dismiss filed by four of five Fox Parties were pending before the Court. On July 29, the parties met-and-conferred on the issue. On the meet and confer call, counsel for the Fox Parties explained in detail why holding the Rule 26(f) conference would not be practicable until the Court decides the pending motions to dismiss and suggested revisiting the dispute in thirty days, since a decision would likely be issued during that time. Plaintiff refused and filed her motion to compel the Rule 26(f) conference later that day.

---

[1] Fox Corp., Finley, Mekeel, and Rauchet filed a motion to dismiss (Doc. Nos. 43-45) and Defendant George Murdoch, who is represented by separate counsel, filed a separate motion (Doc Nos. 40-42).

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

August 3, 2020
Page 2

### A. The Fox Parties Have Complied With Rule 26(f).

A Rule 26(f) planning conference shall be held "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Rule 26(f)(1). Because the Court has elected not to schedule an initial pretrial conference, there is no deadline for the parties to conduct a Rule 26(f) conference. Nor is it "practicable" to hold one now.

*First*, it would not be practicable to confer over and complete this Court's form Civil Case Management Plan and Scheduling Order ("Proposed Order") before the Court issues rulings that will significantly impact the claims, issues and parties in the case. In the Proposed Order, the parties must set deadlines for, among other items, the length of fact and expert discovery and the length of trial. The parties will not be well-positioned to determine the anticipated length of discovery or trial without knowing whether the Court's rulings will eliminate from the case numerous issues related to Fox Corp. and the individual defendants, such as whether those parties are liable under single employer and/or aiding and abetting theories.

*Second*, proceeding with discovery prematurely as Plaintiff requests may result in wasted effort and resources should the moving defendants be dismissed. *Rivera v. Heyman,* No. 96-cv-4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants"). This consideration is amplified here given that five different defendants have moved to dismiss and stand to be prejudiced by premature discovery.

*Third*, the prejudice and inefficiency from a premature Rule 26(f) conference would not be avoided by proceeding with discovery against only Fox News, as Plaintiff suggests. Such a course of action may require a second Rule 26(f) conference and separate deadlines for the other defendants. This would create an inefficient, duplicative, and prejudicial dual-track process for discovery. *Toney v. Harrod*, No. 15-cv-3209, 2018 WL 5830398, at *2 (D. Kan. Nov. 7, 2018) (where some defendants were not subject to dismissal, "the alternatives are a stay of all discovery or bifurcation," and since bifurcation is "wholly inefficient" and "inconsistent with the directive and spirit of [Rule] 1" a stay is more appropriate despite the "desire to avoid further delay").

### B. 'Good Cause' to Stay the Rule 26(f) Conference Exists.

Even if holding a Rule 26(f) conference were practicable at this time (it is not), this Court should stay the conference until it decides the pending motions. It is well-settled that a district court has considerable discretion to stay discovery pursuant to Rule 26(c). *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1,

August 3, 2020
Page 3

2009) (citing *Rivera*, 1997 WL 86394, at *1). To determine whether there is good cause to stay a Rule 26(f) conference and discovery, courts consider: (1) the strength of the motion that is the basis for the stay; (2) the breadth and burden of the discovery; and (3) the risk of unfair prejudice to the party opposing the stay. *HAHA Glob., Inc. v. Barclays*, No. 19-cv-04749, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (citation omitted). Each of these three factors weighs in favor of staying the Rule 26(f) conference and discovery during the pendency of the motions to dismiss.

*First,* courts stay discovery during the pendency of a motion that, on its face, has raised "substantial arguments for dismissal." *HAHA Glob.*, 2020 WL 832341, at *1; *see Rivera*, 1997 WL 86394, at *1 (staying discovery because defendant had more than a "minimal probability of success"). Here, Fox Corp., Finley, Mekeel, and Rauchet advanced substantial arguments, amply supported by closely-on-point case law, that the Amended Complaint fails to state a claim against them.[2] (*See* Doc. Nos. 43-45.)

*Second*, discovery in this action will undoubtedly be broad and burdensome given the number of defendants and claims asserted by Plaintiff. *HAHA Glob.*, 2020 WL 832341, at *1 (staying discovery during pendency of motion to dismiss because "given the large number [seven] of Defendants and the large number of claims asserted by Plaintiff, discovery in this action is likely to be burdensome"); *Spinelli v. Nat'l Football League*, No. 13-cv-7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (large number of defendants weighed in favor of staying discovery).

*Third*, Plaintiff would not be prejudiced by staying the Rule 26(f) conference and discovery until after the motions to dismiss have been decided. The pending motions have been fully briefed since May 11, 2020, and any additional delay is likely to be brief and pose little-to-no risk of fading memories in this relatively new case. *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("the Court intends to decide the motion [to dismiss] expeditiously and thus the stay [of discovery] will neither unnecessarily delay the action nor prejudice the plaintiffs thereby."); *see also Contracto Ltd. v. Fast Search & Transfer Int'l, AS*, No. 12-cv-1930, 2012 WL 12252587, at *2 (E.D.N.Y. July 12, 2012) (granting stay because discovery didn't commence and therefore wouldn't be disrupted). Accordingly, should it decide that a Rule 26(f) conference would be practicable, the Court should nonetheless exercise its discretion to stay the Rule 26(f) conference and the start of discovery.

---

[2] Contrary to Plaintiff's argument (Doc. No. 51, p. 2) that the Defendants' motions concern whether certain conduct constitutes discrimination and retaliation, the bulk of Fox Corp., Finley, Mekeel, and Rauchet's motion relates to whether Plaintiff adequately pled that Fox Corp. is a single employer with Fox News and that the individual defendants are subject to aiding and abetting liability.

JONES DAY

August 3, 2020
Page 4

                                                   Respectfully submitted,

                                                   Matthew W. Lampe