UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRITTANY MCHENRY,<br><br>    Plaintiff,<br><br>    v.<br><br>FOX NEWS NETWORK, LLC, FOX CORPORATION, GEORGE MURDOCH (A/K/A "TYRUS"), JENNIFER RAUCHET, JOHN FINLEY, and MONICA MEKEEL,<br><br>    Defendants. | Case No.: 1:19-cv-11294-PAE |

## STIPULATED PROTECTIVE ORDER

  WHEREAS, the undersigned parties have agreed to, and the Court approves, the following terms governing confidential information, and IT IS HEREBY ORDERED THAT:

  1. As used herein:

  (a) "Designating Party" shall mean any party to this action designating material as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

  (b) "Non-Designating Party" shall mean the party to this action and/or any non-party receiving material marked as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

  2. Counsel for any party may designate any document or information, in whole or in part, that contains non-public financial, commercial, or business information, or that contains non-public highly sensitive personal information, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client, or disclosure would be either restricted by law or would likely cause the producing party to violate their

privacy or confidentiality obligations to others. The Designating Party may designate confidential information and documents as confidential by stamping it "CONFIDENTIAL." Information and documents so designated are referred to herein as "Confidential Information."

3. Counsel for any party may designate as "ATTORNEYS' EYES ONLY" any information or documents when such party believes, in good faith, that such material contains trade secrets or other highly confidential or proprietary information, the disclosure of which is likely to cause significant competitive harm or other economic disadvantage to the designating party. Information and documents so designated are referred to herein as "Attorneys' Eyes Only Information."

4. "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" designations may be made as follows:

(a) For information in documentary form (other than depositions or transcripts), counsel may make confidentiality designations by stamping or labeling the first page of each such document CONFIDENTIAL or ATTORNEYS' EYES ONLY or by any other reasonable means of giving notice of the party's intent to claim protected status of the material in question.

(b) For testimony or exhibits offered in a deposition or other proceeding, counsel may make confidentiality designations by notifying opposing counsel on the record during or at the conclusion of the proceeding that the information provided in the deposition or other proceeding is considered CONFIDENTIAL or ATTORNEYS' EYES ONLY and that the transcript (or portions thereof) shall be subject to the provisions of this Order. In addition, a party may reserve the right on the record during or at the conclusion of the proceeding to make such confidentiality designations up to twenty (20) days after receipt of the final transcript, and

in that event, the information shall be treated as Attorneys' Eyes Only until such designation is made or the twenty (20) day period expires (whichever occurs first).

   (c) For information or items produced in other forms, counsel may make confidentiality designations by stamping or labeling the exterior of the container(s) in which the information or item is stored CONFIDENTIAL and/or ATTORNEYS' EYES ONLY or by any other reasonable means of providing notice of the designations.

   5. The Confidential Information and Attorneys' Eyes Only Information disclosed will be held and used by the Non-Designating Party solely for use in connection with the above-captioned action, unless such information and documents that constitute the Confidential Information or Attorneys' Eyes Only Information have been publicly disclosed by the Designating Party.

   6. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court by requesting an informal conference pursuant to Local Rule 37.2 and Section 2.C. of Judge Engelmayer's Individual Rules and Practices in Civil Cases ("Judge Engelmayer's Rules").  The documents or information that are the subject of the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation shall remain treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the protection of this Order pending the Court's decision resulting from the informal conference.  Acceptance by the Non-Designating Party of material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a concession that any such discovery material is appropriately designated.

    7.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information and Attorneys' Eyes Only Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Information.

    8.  All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    (a)  The requesting party, including any individually-named party, so long as he or she agrees to comply with and be bound by the terms of this Order, and counsel, including in-house counsel;

    (b)  Employees of such counsel assigned to and necessary to assist in the litigation;

    (c)  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel and subject to Paragraph 10 below;

    (d)  The principals, officers, agents, and employees of Defendants Fox News Network, LLC or Fox Corporation whom said Defendants believe in good faith have a need to review such documents or information;

    (e)  Any witness to whom such documents or information is disclosed in the course of any hearing or deposition, so long as the disclosure is reasonably necessary for purposes of this litigation, and provided such person has, prior to disclosure, been advised of the contents of this Order; notwithstanding the foregoing, however, a person to whom disclosure is made pursuant to this subparagraph shall not be permitted to retain copies of such Confidential Information and shall only be permitted to access such Confidential Information in the course of providing testimony;

  (f)  Court personnel;

  (g)  Court reporters and any stenographers engaged to transcribe depositions conducted in this action in this action; and

  (h)  Any other person whom the Designating Party agrees in writing may have access to such Discovery Material.

  9.  All documents designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

  (a)  Attorneys of record for the parties and in-house counsel of Defendants Fox News Network, LLC or Fox Corporation involved in the defense of this action;

  (b)  Employees of such counsel assigned to and necessary to assist in the litigation;

  (c)  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel and subject to Paragraph 10 below;

  (d)  Any witness to whom such document or information is disclosed during the course of any hearing or deposition provided that such witness appears, on the face of the Attorneys' Eyes Only Information, to have authored or received the information and provided further that such person has, prior to disclosure, been advised of the contents of this Order; notwithstanding the foregoing, however, a person to whom disclosure is made pursuant to this subparagraph shall not be permitted to retain copies of such Attorneys' Eyes Only Information and shall only be permitted to access such Attorneys' Eyes Only Information in the course of providing testimony;

  (e)  Court reporters and any stenographers engaged to transcribe depositions conducted in this action in this action; and

  (f)  Court personnel.

  10.  Prior to disclosing or displaying the Confidential Information or Attorneys' Eyes Only Information to any person referred to in Paragraphs 8(c) or 9(c), above, counsel must:

  (a)  Inform the person of the confidential nature of the information or documents;

  (b)  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  (c)  Require each such person to agree in writing to be bound by the terms of this Order by executing the attached Agreement.

  11.  The disclosure of a document or information without designating it as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a waiver of the right to designate such document or information as Confidential Information or Attorneys' Eyes Only Information. If so designated, the document or information shall thenceforth be treated as Confidential Information or Attorneys' Eyes Only Information subject to all the terms of this Stipulation and Order.

  12.  A Non-Designating Party in receipt of materials designated by another party as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not file such materials in the public record unless the Designating Party agrees that the CONFIDENTIAL or ATTORNEYS' EYES ONLY material can be filed in the public record. To the extent the Designating Party does not agree that the CONFIDENTIAL or ATTORNEYS' EYES ONLY materials may be filed in the public record, the Non-Designating Party must file the materials under seal in

accordance with the procedures set forth in Section 4.B. of Judge Engelmayer's Rules and Section 6 of the U.S. District Court for the Southern District of New York Electronic Case Filing Rules & Instructions ("ECF Rules").  The portions of any pleadings, motion papers or other papers that contain summaries or quotations of any CONFIDENTIAL or ATTORNEYS' EYES ONLY materials shall be redacted and filed in accordance with the procedures set forth in Sections 4.B. and 6 of Judge Engelmayer's Rules.

13. Any material subject to this Order, and which is otherwise admissible, may be used at trial, provided, however, that the parties agree that they will work with the Court to identify trial procedures that will protect and maintain the non-public nature of material subject to this Order.  Prior to the use at trial of material subject to this Order, all stamps, labels, or other designations placed on the material pursuant to this Order shall be removed.

14. The inadvertent or unintentional disclosure by any party of documents or information protected from discovery as an attorney-client communication, work product or otherwise protected under Federal Rule of Civil Procedure 26 (the "Privileged Material"), regardless of whether the information was designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time of disclosure, shall not be deemed a waiver in whole or in part of that disclosing party's claim of privilege, either as to the specific documents or information disclosed or as to any other documents or information relating thereto or on the same or related subject matter.  The recipient of such Privileged Material shall (i) return it, without retaining any copy of it, upon recognizing its status, or within three (3) days from a demand (the "Demand") by the disclosing party, whichever occurs first; (ii) destroy all summaries, notes, memoranda or other documents (or the portions thereof) referring to such Privileged Material; and (iii) not use such documents containing Privileged Material for any purpose until further order of the Court.  If the

receiving party disputes the disclosing party's Demand, the matter shall be presented by the disclosing party to the Court for resolution pursuant to Local Civil Rule 37.2 and Section 2.C. of Judge Engelmayer's Rules.  Further, if the recipient has already shared such Privileged Material prior to recognizing its protected status or prior to a Demand for its return, that recipient shall promptly notify the other affected persons, and collect and return all copies.

15. At the conclusion of litigation, the receiving party must promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) return the Confidential Information and Attorneys' Eyes Only Information and any copies thereof to the producing party or certify that it has been destroyed, except that the parties' counsel shall be permitted to retain their work product on the condition that any work product will remain protected.

16. Nothing in this Order shall limit the Designating Party's rights concerning the Confidential or Attorneys' Eyes Only Information that he, she, or it designated.  Similarly, nothing in this Order shall limit any Party's right to seek an Order from the Court that would provide Confidential or Attorneys' Eyes Only Information designation to materials outside the scope of this Order.

So Stipulated and agreed:

**THE BLOOM FIRM**
Attorneys for Plaintiff

By: _____
Lisa Bloom, Esq
Arick Fudali, Esq.
Anna Levine-Gronningsater, Esq.
Sarah Bloom, Esq.
85 Delancey St. #29
New York, NY 10002

Dated: 10/15/2020

**JONES DAY**
Attorneys for Defendants Fox News Network, LLC, Fox Corporation, Jennifer Rauchet, John Finley, and Monica Mekeel

By: /s/ Maryssa A. Mataras
Matthew W. Lampe
Kristina A. Yost
Maryssa A. Mataras
250 Vesey Street
New York, New York 10281

Dated: 10/15/2020

**CLARE LOCKE LLP**
Attorney for Defendant George Murdoch

By: _____
Thomas A. Clare
Ariel V. Lieberman
10 Prince Street
Alexandria, VA 22314

Dated: 10/15/2020

SO ORDERED.

Dated: October 19, 2020

_____
Honorable Paul A. Engelmayer
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRITTANY MCHENRY,<br><br>                    Plaintiff,<br><br>          v.<br><br>FOX NEWS NETWORK, LLC, FOX CORPORATION, GEORGE MURDOCH (A/K/A "TYRUS"), JENNIFER RAUCHET, JOHN FINLEY, and MONICA MEKEEL,<br><br>                    Defendants. | Case No.: 1:19-cv-11294-PAE |

**AGREEMENT TO BE BOUND BY
PROTECTIVE ORDER**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as confidential or attorneys' eyes only.  I have been informed that any such documents or information labeled "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are confidential by Order of the Court.  I hereby agree that I will not disclose any such documents or information contained in such documents to any other person.  I further agree not to use any such documents or information for any purpose other than this litigation.

DATED:


_____
Signed in the presence of:


_____
(Attorney)

1