UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRITTANY MCHENRY,

                            Plaintiff,

             -v-

FOX NEWS NETWORK, LLC; FOX CORPORATION;
GEORGE MURDOCH (A/K/A "TYRUS"); JENNIFER
RAUCHET; JOHN FINLEY; and MONICA MEKEEL,

                            Defendants.

19 Civ. 11294 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

       The Court has received letters from plaintiff Brittany McHenry ("McHenry"), Dkt. 83 ("McHenry Ltr."), and defendant George Murdoch ("Murdoch"), Dkt. 88 ("Murdoch Ltr."), regarding a discovery dispute over five of McHenry's requests for production. The Court resolves these disputes as follows:

       1.     Request No. 3 seeks "all communication between [Murdoch] and any third-party concerning Plaintiff." As written, this request is impermissibly broad in two respects. First, it is not limited by date range, and second, it seeks communications with any third party. With respect to time frame, Murdoch has proposed a date range of January 1, 2019 (the earliest date on which McHenry alleges she was subject to retaliation) to March 30, 2020 (the date the Amended Complaint was filed). He proposes this range because McHenry contends that this Request is relevant to her claims for retaliation and intentional infliction of emotional distress. *See* Murdoch Ltr. at 2. However, McHenry also bring claims of intentional infliction of emotional distress, and these encompass allegedly sexually harassing messages that were sent to her throughout the relationship, not just the period of retaliation. *See* Dkt. 39 ("Am. Compl.")

1

¶¶ 204–211.  Further, as McHenry notes, to the extent that Fox News and Murdoch contend that McHenry was experiencing "performance issues" prior to her sexual harassment complaints, messages prior to January 2019 could be relevant.  McHenry Ltr at 2.  Thus, messages before January 2019 may be relevant to the claims and defense at issue in this case.  The Court, however, lacks sufficient information to determine the starting point of this date range.  The parties are instructed to confer promptly as to the proper start for the date range for this Request, and if they are unable to agree, they may seek further guidance from this Court.  The Court agrees with Murdoch that March 30, 2020 is an appropriate end date for this request.

The Request is also too broad to the extent that it seeks communications with "any third party."  Murdoch proposes that the Request be limited to employees of Fox News.  *See* Murdoch Ltr. at 2.  McHenry does not propose any limitation.  Some limitation is necessary.  Although McHenry justifies this request as relevant to her claims for retaliation and intentional infliction of emotional distress, McHenry Ltr. at 2, as Murdoch points out, the only individuals able to retaliate against McHenry were those associated with Fox News and its corporate affiliates, Murdoch Ltr. at 2, and McHenry does not allege that Murdoch sent doctored photographs of her to persons outside of Fox News and its affiliates.  The Court declines Murdoch's suggestion that the recipients be limited to persons at Fox News, as McHenry's complaint does allege involvement by persons at Fox Corporation, Fox News Network, and Fox Nation.  Accordingly, the Court limits the Request to communications with any third parties in an employment relationship with Fox News or with any Fox News affiliate.

2. Request No. 5 seeks "all communications between [Murdoch] (including [Murdoch's] attorneys) and any third party concerning this action."  Like Request No. 3, this Request is overbroad to the extent that it places no limitations on the "third part[ies]."  As

2

Murdoch notes, communications with employees of Fox News and its affiliates are likely to be relevant and responsive, but McHenry has not explained the relevance of communications with other third parties. Accordingly, this Request is limited to any third parties in an employment relationship with Fox News or any Fox News affiliate.

3. Request 18 seeks "all communication between [Murdoch] and Greg Gutfeld concerning Plaintiff, the McHenry Investigations, or this Action." As McHenry notes, *see* McHenry Ltr. at 2, this Request seeks communications between Murdoch and a single Fox News employee about three discrete topics. And Murdoch objects only to the lack of limitations on the date range of this Request. *See* Murdoch Ltr. at 3. Murdoch's reasoning is persuasive. Gutfeld is cited in the Amended Complaint only as having participated in Murdoch's retaliation against McHenry, both by potentially playing a role in McHenry no longer appearing on the show and by mocking her on social media. Am. Compl. ¶¶ 89–91. This retaliation began at some time in January 2019. Accordingly, a date range from January 1, 2019 to March 30, 2020 is appropriate.

4. Request No. 19 seeks "all social media posts posted by [Murdoch] concerning Plaintiff, the McHenry Investigations, or this Action." Murdoch consents to produce any responsive social media posts that he has archived. Murdoch Ltr. at 3. However, he contends that the other posts are publicly available and that searching the posts would be equally burdensome for McHenry as it would be for Murdoch. *Id.* Although this may be true for posts that are text-searchable, to the extent that posts contain non-searchable images, Murdoch is in a better position to locate responsive posts. Further, it is in all parties' best interests that consistent standards for what constitutes a responsive post to be applied to the publicly available and archived posts. Accordingly, the Court sustains this Request as written.

5. Request No. 23 seeks "all communication (including text messages) between [Murdoch] and Kaya Jones." Murdoch contends that this Request seeks documents not relevant to the claims and defenses in this case because Jones is not mentioned in the Amended Complaint and because McHenry offers only her own "conjecture" that such communications may be relevant. Murdoch Ltr. at 3. McHenry contends that she has a "good faith" belief that Murdoch may have engaged in similarly harassing behavior with Jones. McHenry Ltr. at 3. She further explains that a pattern of behavior with other employees is relevant to her sexual harassment claims against Murdoch and relevant to show that Fox News was on notice of Murdoch's behavior. *See id.* The Court, however, requires a more concrete basis before authorizing such discovery. McHenry is directed to file a letter explaining the factual basis for her assertion that Murdoch may have engaged in similar harassing behavior directed towards Jones.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: January 27, 2021
       New York, New York